# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON HAMMEL, <br><br> Petitioner, <br><br> v. <br><br> NORFOLK COUNTY SHERIFF'S OFFICE, <br><br> Respondent. | Civil Action No. 18-10735-DJC |
| JASON HAMMEL, <br><br> Petitioner, <br><br> v. <br><br> MICHAEL BELLOTI, SHERIFF, <br><br> Respondent. | Civil Action No. 18-11113-DJC |

## ORDER

**CASPER, J.**                                                                                               August 3, 2018

### I.    Background

On April 16, 2018, Jason Hammel filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. <u>Hammel v. Norfolk County Sheriff's Office</u>, C.A. No. 18-10735-DJC, D. 1. With his petition, he filed a motion seeking leave to proceed *in forma pauperis*. *Id.* at D. 2. On May 25, 2018, Hammel filed a second petition for writ of habeas corpus under 28 U.S.C. § 2241. <u>Hammel v. Belloti</u>, C.A. No. 18-11113-DJC, D. 1. Both petitions were filed while Hammel was a pretrial detainee in custody at the Norfolk County Jail waiting for a trial on criminal charges. The petitions

concern the conditions of Hammel's pretrial confinement and complain of the denial of methadone treatment.

On June 18, 2018, Hammel filed a letter stating that he is no longer detained at the Norfolk County Jail. Hammel v. Norfolk County Sheriff's Office, C.A. No. 18-10735-DJC, D. 4. The letter states that he has been sentenced and is now in custody at MCI Cedar Junction. Id. He indicates that because he has two pending civil suits, he is notifying the court of his new address. Id. The Court's records indicate that Hammel also is a plaintiff in the following civil rights actions: Hammel v. Norfolk County D.A. Office, et al., C.A. No. 18-10734-ADB (pending) and Hammel v. Norfolk County Sheriff Office Corr. Ctr., et al., C.A. No. 18-11114-MPK (pending).

## II. Legal Standards

A habeas corpus application allows a petitioner to challenge the fact, length, or conditions of custody and seek immediate release. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 484-85 (1973). 28 U.S.C. § 2241 authorizes federal courts to issue a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States" before a judgment has been rendered. 28 U.S.C. § 2241(c)(3). The only proper respondent in a habeas corpus action is the person who currently has custody over the petitioner. Rumsfeld v. Padilla, 542 U.S. 425, 435–42 (2004); 28 U.S.C. § 2242 (application shall allege "the name of the person who has custody over him and by virtue of what claim or authority); 28 U.S.C § 2243 (writ should name "the person having custody over" him as the respondent).

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) (citations omitted). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial

decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). "Even if an actual case or controversy exists at the inception of litigation, a case may be rendered moot (and, therefore, subject to dismissal) if changed circumstances eliminate any possibility of effectual relief." Maine School Administration District No. 35 v. Mr. R., 321 F.3d 9, 17 (1st Cir. 2003).

### III. Discussion

Hammel's petitions for habeas relief were filed as pre-trial petitions pursuant to 28 U.S.C. § 2241 and his change in status from pretrial detainee to state prisoner impacts this Court's jurisdiction. The Section 2241 petitions are subject to dismissal as moot because this Court is no longer presented with a case or controversy, as is required by the Constitution. The issue regarding the validity of his confinement at the Norfolk County Jail is therefore moot. Additionally, the Norfolk County Sheriff no longer has power to grant habeas relief because Hammel is no longer in his custody. In light of petitioner's transfer to state custody, these habeas cases are now moot and should be dismissed.

### IV. Conclusion

Accordingly, petitioner's motion to proceed *in forma pauperis* is allowed and the petitions for writ of habeas corpus under 28 U.S.C. § 2241 are dismissed as moot. The clerk shall enter separate orders of dismissals.

**SO ORDERED.**

/s/ Denise J. Casper
Denise J. Casper
United States District Judge